ELECTRONICALLY FILED
12/18/2017 3:30 PM
2017-L-012865
CALENDAR: R
PAGE 1 of 24
CIRCUIT COURT OF
COOK COUNTY, ILLINOIS
LAW DIVISION
CLERK DOROTHY BROWN

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT, LAW DIVISION**

| | | |
|---|---|---|
| JANE DOE I and JANE DOE II, minors, by and through their mothers and next friends, MARY DOE I and MARY DOE II, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 17 L |
| BOARD OF EDUCATION OF THE CITY OF, CHICAGO and CASINO CRUZ, in his individual capacity and as an employee of the CHICAGO PUBLIC SCHOOLS, | ) ) ) ) ) | |
| Defendants. | ) ) ) | |

## COMPLAINT AT LAW

NOW COMES the Plaintiffs, JANE DOE I and JANE DOE II, minors, by and through their mothers and next friends, MARY DOE I and MARY DOE II, by and through their attorneys PERKAUS & FARLEY L.L.C. and LAW OFFICES OF JEROME F. MARCONI, complaining of Defendants, BOARD OF EDUCATION OF THE CITY OF CHICAGO, and CASINO CRUZ, individually and as an employee of the BOARD OF EDUCATION OF THE CITY OF CHICAGO states as follows:

## PARTIES

1.    Plaintiff, JANE DOE I ("Doe I"), a minor, by and through her mother and next friend, MARY DOE I, is and was at all times relevant hereto a resident of the City of Chicago, County of Cook, State of Illinois.

2.    Plaintiff, JANE DOE II ("Doe II"), a minor, by and through her mother and next friend, MARY DOE II, is and was at all times relevant hereto a resident of the City of Chicago, County of Cook, State of Illinois.

1

ELECTRONICALLY FILED
12/18/2017 3:30 PM
2017-L-012865
PAGE 2 of 24

3.      That at all times relevant to this cause of action, the Board of Education of the City of Chicago ("BOE") was a government entity doing business in the County of Cook, City of Chicago, and the State of Illinois engaged in operating, managing, and controlling public schools.

4.      That at all times relevant to this cause of action, the BOE operated, managed, and/or controlled, Roberto Clemente High School ("RCHS"), a public high school for grades nine through twelve, located at 1147 North Western Ave. in the City of Chicago, County of Cook, and the State of Illinois.

5.      That at all times relevant to this cause of action, the BOE employed various personnel including, but not limited to, principals, teachers, school counselors, teacher's aides, security guards, coaches and janitorial staff, for the purpose of operating, managing, and controlling its schools.

6.      That at all times relevant to this Complaint, the Defendant, Casino Cruz ("Cruz"), was employed by the BOE and performed his employment duties at the RCHS.

## FACTS COMMON TO ALL COUNTS

7.      At all times relevant to this cause of action, all of the aforementioned personnel were acting in the scope of their employment and as the agents of the BOE.

8.      During his employment with the BOE, Defendant Cruz has been employed in various capacities at the school including, but not limited to: security guard, girls swim coach, girls' volleyball coach and acting dean at RCHS.

## DEFENDANT CRUZ'S GROOMING OF FEMALE STUDENTS AT RCHS

8.      In his positions as security guard and acting dean, Cruz had the authority to remove students from class and punish them.

2

9.    As the swim team and volleyball coach, Cruz had complete control over female students during school hours, and on weekends for team practices, games and competitions. Cruz frequently accompanied female students, often without the presence of other adults or teachers.

10.    In his various positions at RCHS, Cruz gained the trust and confidence of the students and the female athletes he coached and supervised.

11.    Cruz possessed the authority to discipline and make decisions regarding the extent of a student's participation in sporting activities. Since Cruz was in a position of authority, students did not confront his decisions.

12.    Cruz routinely tested the boundaries of female students with seemingly innocuous acts such as hugging or "accidentally" touching a student in an inappropriate manner or place. Inappropriate contact with female students included: touching a female student's leg or thigh; hugging female students tightly; whispering in a female student's ear; touching a swimmer on her body in her swimsuit; excessive touching of female volleyball players while in uniform; and discussing inappropriate sexual topics in front of female students.

13.    Cruz's various positions of authority within the school enabled him to discourage/prevent almost all students from disclosing to their parents the abuse taking place.

**PRIOR ACTS OF SEXUAL MISCONDUCT KNOWN TO THE BOE AND RCHS**

14.    RCHS and the BOE have been aware that Cruz presented a danger to underage female students since at least 2003. On or about April 4, 2003, while employed as a security guard and the girls swim coach, Chicago Police arrested and charged Cruz with improperly touching one of the underage girls on the swim team in 2002.

15.    In spite of Cruz's 2003 arrest at RCHS, the BOE retained Cruz and continued to retain Cruz as the female swim team coach and as a security guard.

ELECTRONICALLY FILED
12/18/2017 3:30 PM
2017-L-012865
PAGE 3 of 24

16.     Upon information and belief, after his 2003 arrest, Cruz was named in another complaint alleging sexual harassment of a student. On or about June 15, 2012, a female student lodged a complaint with the RCHS administration alleging she was sexually harassed by Cruz.

17.     The BOE and RCHS had actual and constructive knowledge of Cruz's grooming behavior and improper sexual conduct involving female students.

18.     Upon information and belief, on or about March 24, 2014, Cruz was named in yet another complaint to the RCHS administration and the BOE alleging physical abuse by a female student attending RCHS.

19.     The BOE and RCHS had actual and constructive knowledge of Cruz's grooming behavior and improper physical contact with female students.

20.     Despite Cruz's arrest for sexual abuse and charges of physical abuse and sexual harassment, RCHS and BOE continued to employ Cruz in various capacities at RCHS.

<u>**COUNT I – SEXUAL BATTERY – DEFENDANT CRUZ**</u>
**(Assault of Jane Doe I)**

21.     During the 2016-2017 school year, Plaintiff Doe I was a freshman at RCHS.

22.     During the 2016-2017 school year, Cruz was employed by the BOE and RCHS in the capacity of acting dean, girls volleyball coach and other positions.

23.     On three (3) separate occasions, from September 2016 through December 2016, Cruz physically touched Doe I's body in an insulting, provoking, improper and sexual nature.

24.     In or about mid December, 2016, Doe I reported the improper and unwanted touching to a teacher at RCHS. The teacher reported Doe I's complaints to the administration at RCHS.

25.     Subsequently, Chicago Police officers interviewed Doe I regarding her allegations against Cruz. Based on Doe I's complaint, the Chicago Police arrested and charged Cruz with

ELECTRONICALLY FILED
12/18/2017 3:30 PM
2017-L-012865
PAGE 4 of 24

criminal battery of Doe I.

26.     As a direct and proximate result of the forgoing, the Plaintiff, Jane Doe I, suffered permanent injuries of a personal and pecuniary nature, and currently experiences mental anguish, humiliation and emotional and physical distress.

27.     Further, as a result of the aforementioned abuse and breach of trust, Plaintiff has suffered and will continue to suffer physical and emotional pain and distress.

WHEREFORE, the Plaintiff, Jane Doe I, prays for damages against Defendant Cruz in a sum in excess of $50,000.00, plus the costs of suit, and all other relief permitted by law.

## COUNT II – NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
### (Doe I v. BOE and Cruz)

28.     Plaintiff re-states and re-alleges Paragraphs 1-27 of Counts I of Plaintiff's Complaint at Law against Defendant BOE as though fully set forth in Paragraph 28 of Count II of Plaintiffs Complaint.

29.     Before Defendant Cruz initiated the sexual harassment and sexual abuse of Doe I, Cruz engaged in a pattern of inappropriate grooming, sexual harassment and sexual abuse of other minor female students which were communicated to RCHS and BOE.

30.     None of the agents, servants, and employees of the BOE undertook appropriate measures to prohibit and prevent Cruz from engaging in his inappropriate sexual abuse and sexual harassment of other students.

31.     The BOE knew, or should have known, Cruz was engaging in inappropriate sexual conduct with minor students at RCHS.

32.     The BOE's failure to properly handle reports concerning Cruz's sexual grooming, sexual harassment and sexual abuse of minors ultimately led to and precipitated his sexual abuse of Doe I.

ELECTRONICALLY FILED
12/18/2017 3:30 PM
2017-L-012865
PAGE 5 of 24

33.     The BOE owes a duty to its students, including minor female students such as Doe I, to provide and employ appropriate educational services and competent teachers and counselors and safeguard its students from harmful conduct perpetrated by other BOE employees.

34.     The BOE owed a duty to its minor female students, including Doe I, to provide a safe and secure environment for public elementary educational pursuits.

35.     The BOE breached these duties by:

ELECTRONICALLY FILED
12/18/2017 3:30 PM
2017-L-012865
PAGE 6 of 24

    a. Allowing an environment wherein Cruz could utilize school property, during and after school hours, without supervision of his activities, and engage in the sexual abuse of Doe I;

    b. Failing to protect Doe I despite its prior knowledge that Cruz was involved in sexual grooming, sexual harassment and sexual abuse of other female students;

    c. Failing to document complaints received against Cruz in accordance with BOE policies;

    d. Failing to warn and/or disclose to individual female students of the BOE, including Doe I, of the complaints received against Cruz.

36.     As a result of the BOE's aforementioned breach, Defendants Cruz and BOE proximately caused injury to Doe I.

WHEREFORE, Plaintiff, Doe I, a minor, by her mother and next best friend, Mary Doe I, prays for judgment against the Defendant Board of Education of the City of Chicago in an amount in excess of $50,000.00 plus attorney fees, interest, court costs and any other relief this Court deems equitable and just.

## COUNT III – FAILURE TO SUPERVISE
### (Doe I v. BOE)

37.     Plaintiff re-states and re-alleges Paragraphs 1-27 of Counts I of Plaintiff's

6

Complaint at Law against Defendant BOE as though fully set forth in Paragraph 37 of Count III of Plaintiffs Complaint.

38.     The BOE, through its school board members, administrators, teachers, employees and agents, was aware of Cruz's propensity to commit acts of sexual harassment and abuse or misconduct against female minor students, including Doe I, making Cruz's future misconduct and the harm likely to result from such conduct reasonably foreseeable.

39.     The BOE knew Cruz was utilizing his employment and his access to school and female students to engage in predatory behavior including sexual grooming, sexual harassment and sexual abuse against minor female students.

40.     At all relevant times herein, Doe I was under the direct and immediate control of Cruz as an employee of the BOE.

41.     The BOE had a duty to act in a reasonably prudent manner in the supervision of its teachers, counselors and administrators, including Cruz, and to ensure that Cruz and other employees acted in the best interest of the health, safety and welfare of children attending their school.

42.     The BOE, by and through its agents and/or employees acted with a reckless and conscious disregard for the safety and welfare of minor female students, including Doe I, and breached its duties owed to Doe I by committing one or more of the following acts or omissions:

    a.  Allowing an environment wherein Cruz could utilize school property, during and after school hours, without supervision of his activities, and engage in the sexual abuse of Doe I;

    b.  Failing to protect Doe I despite its prior knowledge that Cruz was involved in sexual grooming, sexual harassment and sexual abuse of other female students;

    c.  Failing to document complaints received against Cruz in accordance with BOE policies;

ELECTRONICALLY FILED
12/18/2017 3:30 PM
2017-L-012865
PAGE 7 of 24

7

ELECTRONICALLY FILED
12/18/2017 3:30 PM
2017-L-012865
PAGE 8 of 24

    d.   Failing to warn and/or disclose to individual female students of the BOE, including Doe I, of the complaints received against Cruz.

    e.   Withholding information from minor female students, including Doe I and their parents or guardians concerning prior complaints of sexual harassment and sexual abuse perpetrated on minor female students by Cruz;

    f.   Failing to warn and/or disclose to individual minor female students of the BOE, including Doe I, of the complaints received against Cruz.

43.    As a result of the BOE's aforementioned breach, Defendants Cruz and BOE proximately caused injury to Doe I.

WHEREFORE, Plaintiff, Doe I, a minor, by her mother and next best friend, Mary Doe I, prays for judgment against the Defendant Board of Education of the City of Chicago in an amount in excess of $50,000.00 plus attorney fees, interest, court costs and any other relief this Court deems equitable and just.

## COUNT IV – NEGLIGENCE
### (Doe I v. BOE)

44.    Plaintiff re-states and re-alleges Paragraphs 1-27 of Counts I of Plaintiff's Complaint at Law against Defendant BOE as though fully set forth in Paragraph 44 of Count IV of Plaintiffs Complaint.

45.    The BOE owed Doe I a duty to provide reasonably safe and appropriate educational services.

46.    Defendant BOE breached its duty by engaging in one or more of the following negligent acts:

    a.   Failed to conduct a thorough investigation into the previous complaints against Defendant Cruz relating to inappropriate sexual behavior and comments made by Defendant Cruz;

    b.   Failed to warm Doe I of Defendant Cruz's propensities towards young

female students;

c.  Failed to adequately supervise Defendant Cruz with the knowledge Defendant Cruz had made sexual advances towards other female students;

d.  Otherwise failed to protect Doe I from Defendant Cruz despite the knowledge Defendant Cruz had sexually harassed other female students.

47.  As a direct and proximate cause and result of one or more of the aforesaid negligent acts, the Plaintiff, Doe I, sustained personal, emotional and pecuniary injuries.

WHEREFORE, Plaintiff, Doe I, a minor, by her mother and next best friend, Mary Doe I, prays for judgment against the Defendant Board of Education of the City of Chicago in an amount in excess of $50,000.00 plus attorney fees, interest, court costs and any other relief this Court deems equitable and just.

## COUNT V - WILFUL AND WANTON CONDUCT
### (Doe I v. BOE)

48.  Plaintiff re-states and re-alleges Paragraphs 1-27 of Counts I of Plaintiff's Complaint at Law against Defendant BOE as though fully set forth in Paragraph 48 of Count V of Plaintiffs Complaint.

49.  Defendant BOE knew or should have known that its failure to properly investigate and protect students from sexual grooming behavior would likely result in injury to Doe I.

50.  Defendant BOE knowingly and intentionally disregarded a substantial risk of harm it knew or should have known existed towards Doe I or its other students.

51.  Defendant BOE engaged in willful and wanton conduct by intentionally disregarding a known risk of harm to Doe I by failing to investigate and/or supervise Defendant Cruz by allowing Cruz unfettered access to female students despite the numerous complaints against Cruz made by female students.

52.  As a direct and proximate cause of BOE's utter indifference and/or conscious

ELECTRONICALLY FILED
12/18/2017 3:30 PM
2017-L-012865
PAGE 9 of 24

disregard for the safety of it students by failing to control or supervise Defendant Cruz, the plaintiff, Doe I, sustained personal, emotional and pecuniary injuries.

WHEREFORE, Plaintiff, Doe I, a minor, by her mother and next best friend, Mary Doe I, prays for judgment against the Defendant Board of Education of the City of Chicago in an amount in excess of $50,000.00 plus attorney fees, interest, court costs and any other relief this Court deems equitable and just.

## COUNT VI – NEGLIGENT RETENTION
### (Doe I v. BOE)

53.     Plaintiff re-states and re-alleges Paragraphs 1-27 of Counts I of Plaintiff's Complaint at Law against Defendant BOE as though fully set forth in Paragraph 53 of Count VI of Plaintiffs Complaint.

54.     While an employee of the BOE, the BOE and RCHS, through its agents, were aware of numerous complaint made against Defendant Cruz relating to his appropriate sexual conduct involving female students.

55.     Defendant BOE either knew or should have known of the sexually dangerous propensities of Defendant Cruz after learning of Cruz's previous arrest and complaints made against Defendant Cruz.

56.     The violent and sexually dangerous propensities of Defendant Cruz made Cruz unfit for the job and created a foreseeable danger to others.

57.     The unfitness of Defendant Cruz was a proximate cause of Doe I's injuries.

58.     The conduct of RCHS and BOE in intentionally hiring and retaining Defendant Cruz was willful and wanton as it was in reckless disregard for the safety of its students.

WHEREFORE, Plaintiff, Doe I, a minor, by her mother and next best friend, Mary Doe I, prays for judgment against the Defendant Board of Education of the City of Chicago in an

ELECTRONICALLY FILED
12/18/2017 3:30 PM
2017-L-012865
PAGE 10 of 24

amount in excess of $50,000.00 plus attorney fees, interest, court costs and any other relief this Court deems equitable and just.

ELECTRONICALLY FILED
12/18/2017 3:30 PM
2017-L-012865
PAGE 11 of 24

## COUNT VII – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### (Doe I v. Casino Cruz)

59.     Plaintiff re-states and re-alleges Paragraphs 1-27 of Counts I of Plaintiff's Complaint at Law against Defendant BOE as though fully set forth in Paragraph 59 of Count VII of Plaintiffs Complaint.

60.     The acts of sexual harassment and sexual abuse against the minor female students, including Doe I and Doe II, was extreme and outrageous.

61.     The BOE and Cruz either intended or knew that there was a high probability that Cruz's would cause severe emotional distress to Doe I and Doe II.

62.     Defendant Cruz's aforementioned conduct caused severe emotional distress to Doe I and Doe II and caused them to suffer damages of a personal and pecuniary nature.

WHEREFORE, Plaintiff, Doe I, a minor, by her mother and next best friend, Mary Doe I, prays for judgment against the Defendant Board of Education of the City of Chicago in an amount in excess of $50,000.00 plus attorney fees, interest, court costs and any other relief this Court deems equitable and just.

## COUNT VIII – NEGLIGENT FAILURE TO CONTROL CONDUCT OF CRUZ
### (RESTATEMENT (SECOND) OF TORTS §317)
### (Doe I and Doe II V. BOE)

63.     Plaintiff re-states and re-alleges Paragraphs 1-27 of Counts I of Plaintiff's Complaint at Law against Defendant BOE as though fully set forth in Paragraph 63 of Count VIII of Plaintiffs Complaint.

64.     The BOE was in charge of providing a public education to minor students, including Plaintiffs, through oversight and supervision of all school functions, school property

and school student programs. The BOE is also in charge of the hiring, supervision, management, assignment, control and regulation of individuals who serve as staff members, coaches and teachers.

65.     At all times herein, the students of the BOE and their parents, including Plaintiffs and their parents, reposed great trust and confidence in the BOE by and through its school board members, administrators, teachers, employees and/or agents, so that it deemed influence, control and superiority over the students of the BOE and their parents, including Plaintiffs and their parents.

66.     The BOE, by and through its school board members, administrators, teachers, employees and/or agents, stood in the relation of parents and guardians (in *loco parentis*) to the pupils, including Plaintiffs, was required by law to undertake the custody of Doe I and Doe II, creating a duty to protect Doe I and Doe II from reasonably foreseeable harm on Plaintiffs perpetrated by third persons in all matters relating to the conduct of the schools and the school children, extending all activities connected with the school program, including all athletic and extracurricular programs.

67.     That standing in *loco parentis*, the BOE could exercise the parent-Guardian relationship at any time for the safety and supervision of the pupils, including Plaintiffs, in the absence of their parents or guardians.

68.     That standing in *loco parentis*, the BOE voluntarily undertook the primary responsibility for the minor students' safety, including Plaintiffs, which usually lies primarily with parents and/or guardians, thereby depriving the minor students, including Plaintiffs, of their normal opportunities for protection otherwise provided by their parents and/or guardians.

69.     Dating as far back as 2003 and continuing through the abuse alleged in this

ELECTRONICALLY FILED
12/18/2017 3:30 PM
2017-L-012865
PAGE 12 of 24

12

Complaint, the BOE, by and through its school board members, administrators, teachers, agents and/or employees, received and was aware of multiple reports, allegations and complaints concerning misconduct of Cruz involving minor female students, including sexual harassment and sexual abuse, before Cruz sexually harassed and sexually abused Doe I and Doe II.

70.    That Cruz exercised a degree of power over Doe I and Doe II given their age, experience, and Cruz's power to affect the Plaintiffs academic standing.

71.    The power disparity between Cruz and the Plaintiffs disinclined plaintiffs from protesting or attempting to avoid Cruz outside the presence of third parties who might have protected Doe I and Doe II.

72.    The BOE, through its acts or omissions, fail to take any steps to protect Doe I and Doe II and/or prevent reasonably foreseeable harm to the Plaintiffs.

73.    The failure to warn and/or publicly disclose to individual female students, including Plaintiffs, and their parents of past complaints of sexual abuse and misconduct against Cruz served the purpose of preventing those parents and minor female students, including Plaintiffs, from assessing the safety or lack thereof provided for their children and taking advantage of their otherwise normal opportunities for protection.

74.    The BOE, by and through its agents and employees acted with conscious disregard and reckless indifference to the safety of minor female students, including Doe I and Doe II.

75.    As a direct and proximate cause of BOE's utter indifference and/or conscious disregard for the safety of it students by failing to control or supervise Defendant Cruz, the Plaintiffs', Doe I and Doe II, sustained personal, emotional and pecuniary injuries.

WHEREFORE, Plaintiffs', Doe I and Doe II, minors, by their mothers and next best

ELECTRONICALLY FILED
12/18/2017 3:30 PM
2017-L-012865
PAGE 13 of 24

friends, Mary Doe I and Mary Doe II, prays for judgment against the Defendant Board of Education of the City of Chicago in an amount in excess of $50,000.00 plus attorney fees, interest, court costs and any other relief this Court deems equitable and just.

ELECTRONICALLY FILED
12/18/2017 3:30 PM
2017-L-012865
PAGE 14 of 24

## COUNT IX – SEXUAL BATTERY – DEFENDANT CRUZ
### (Assault of Jane Doe II)

76.     Plaintiff re-states and re-alleges Paragraphs 1-27 of Counts I of Plaintiff's Complaint at Law against Defendant BOE as though fully set forth in Paragraph 76 of Count IX of Plaintiffs Complaint.

77.     During the 2016-2017 school year, Plaintiff Doe II was a freshman at RCHS.

78.     During the 2016-2017 school year, Cruz was employed by the BOE and RCHS in the capacity of acting dean, girls volleyball coach and other positions.

79.      On or about December 15, 2016, Cruz physically touched Doe II's body in an insulting, provoking, improper and sexual nature.

80.     Immediately thereafter, Doe II reported the improper and unwanted touching to a teacher at RCHS. The teacher reported Doe II's complaints to the administration at RCHS.

81.     Subsequently, Chicago Police officers interviewed Doe II regarding her allegations against Cruz. Based on Doe II's complaint, the Chicago Police arrested and charged Cruz with criminal battery of Doe II.

82.     As a direct and proximate result of the forgoing, the plaintiff, Jane Doe II, suffered permanent injuries of a personal and pecuniary nature, and currently experiences mental anguish, humiliation and emotional and physical distress.

83.     Further, as a result of the aforementioned abuse and breach of trust, Plaintiff has suffered and will continue to suffer physical and emotional pain and distress.

WHEREFORE, the Plaintiff, Jane Doe II, prays for damages against Defendant Cruz in a

sum in excess of $50,000.00, plus the costs of suit, and all other relief permitted by law.

ELECTRONICALLY FILED
12/18/2017 3:30 PM
2017-L-012865
PAGE 15 of 24

## COUNT X – NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
### (Doe II v. BOE and Cruz)

84.     Plaintiff re-states and re-alleges Paragraphs 1-27 of Counts I of Plaintiff's Complaint at Law against Defendant BOE as though fully set forth in Paragraph 84 of Count X of Plaintiffs Complaint.

85.     Before Defendant Cruz initiated the sexual harassment and sexual abuse of Doe II, Cruz engaged in a pattern of inappropriate grooming, sexual harassment and sexual abuse of other minor female students which were communicated to RCHS and BOE.

86.     None of the agents, servants, and employees of the BOE undertook appropriate measures to prohibit and prevent Cruz from engaging in his inappropriate sexual abuse and sexual harassment of other students.

87.     The BOE knew, or should have known, Cruz was engaging in inappropriate sexual conduct with minor students at RCHS.

88.     The BOE's failure to properly handle reports concerning Cruz's sexual grooming, sexual harassment and sexual abuse of minors ultimately led to and precipitated his sexual abuse of Doe II.

89.     The BOE owes a duty to its students, including minor female students such as Doe II, to provide and employ appropriate educational services and competent teachers and counselors and safeguard its students from harmful conduct perpetrated by other BOE employees.

90.     The BOE owed a duty to its minor female students, including Doe II, to provide a

safe and secure environment for public elementary educational pursuits.

91.     The BOE breached these duties by:

      a.  Allowing an environment wherein Cruz could utilize school property, during and after school hours, without supervision of his activities, and engage in the sexual abuse of Doe II;

      b.  Failing to protect Doe II despite its prior knowledge that Cruz was involved in sexual grooming, sexual harassment and sexual abuse of other female students;

      c.  Failing to document complaints received against Cruz in accordance with BOE policies;

      d.  Failing to warn and/or disclose to individual female students of the BOE, including Doe II, of the complaints received against Cruz.

ELECTRONICALLY FILED
12/18/2017 3:30 PM
2017-L-012865
PAGE 16 of 24

92.     As a result of the BOE's aforementioned breach, Defendants Cruz and BOE proximately caused injury to Doe II.

WHEREFORE, Plaintiff, Doe II, a minor, by her mother and next best friend, Mary Doe II, prays for judgment against the Defendant Board of Education of the City of Chicago in an amount in excess of $50,000.00 plus attorney fees, interest, court costs and any other relief this Court deems equitable and just.

## COUNT XI – FAILURE TO SUPERVISE
### (Doe II v. BOE)

93.     Plaintiff re-states and re-alleges Paragraphs 1-27 of Counts I of Plaintiff's Complaint at Law against Defendant BOE as though fully set forth in Paragraph 93 of Count XI of Plaintiffs Complaint.

94.     The BOE, through its school board members, administrators, teachers, employees and agents, was aware of Cruz's propensity to commit acts of sexual harassment and abuse or misconduct against female minor students, including Doe II, making Cruz's future misconduct

and the harm likely to result from such conduct reasonably foreseeable.

95.     The BOE knew Cruz was utilizing his employment and his access to school and female students to engage in predatory behavior including sexual grooming, sexual harassment and sexual abuse against minor female students.

96.     At all relevant times herein, Doe II was under the direct and immediate control of Cruz as an employee of the BOE.

97.     The BOE had a duty to act in a reasonably prudent manner in the supervision of its teachers, counselors and administrators, including Cruz, and to ensure that Cruz and other employees acted in the best interest of the health, safety and welfare of children attending their school.

98.     The BOE, by and through its agents and/or employees acted with a reckless and conscious disregard for the safety and welfare of minor female students, including Doe II, and breached its duties owed to Doe II by committing one or more of the following acts or omissions:

ELECTRONICALLY FILED
12/18/2017 3:30 PM
2017-L-012865
PAGE 17 of 24

   a.   Allowing an environment wherein Cruz could utilize school property, during and after school hours, without supervision of his activities, and engage in the sexual abuse of Doe II;

   b.   Failing to protect Doe II despite its prior knowledge that Cruz was involved in sexual grooming, sexual harassment and sexual abuse of other female students;

   c.   Failing to document complaints received against Cruz in accordance with BOE policies;

   d.   Failing to warn and/or disclose to individual female students of the BOE, including Doe II, of the complaints received against Cruz.

   e.   Withholding information from minor female students, including Doe II and their parents or guardians concerning prior complaints of sexual harassment and sexual abuse perpetrated on minor female students by Cruz;

17

ELECTRONICALLY FILED
12/18/2017 3:30 PM
2017-L-012865
PAGE 18 of 24

    f.   Failing to warn and/or disclose to individual minor female students of the BOE, including Doe II, of the complaints received against Cruz.

99.    As a result of the BOE's aforementioned breach, Defendants Cruz and BOE proximately caused injury to Doe II.

WHEREFORE, Plaintiff, Doe II, a minor, by her mother and next best friend, Mary Doe II, prays for judgment against the Defendant Board of Education of the City of Chicago in an amount in excess of $50,000.00 plus attorney fees, interest, court costs and any other relief this Court deems equitable and just.

## COUNT XII – NEGLIGENCE
### (Doe II v. BOE)

100.    Plaintiff re-states and re-alleges Paragraphs 1-27 of Counts I of Plaintiff's Complaint at Law against Defendant BOE as though fully set forth in Paragraph 100 of Count XII of Plaintiffs Complaint.

101.    The BOE owed Doe II a duty to provide reasonably safe and appropriate educational services.

102.    Defendant BOE breached its duty by engaging in one or more of the following negligent acts:

    a.   Failed to conduct a thorough investigation into the previous complaints against Defendant Cruz relating to inappropriate sexual behavior and comments made by Defendant Cruz;

    b.   Failed to warn Doe II of Defendant Cruz's propensities towards young female students;

    c.   Failed to adequately supervise Defendant Cruz with the knowledge Defendant Cruz had made sexual advances towards other female students;

    d.   Otherwise failed to protect Doe II from Defendant Cruz despite the knowledge Defendant Cruz had sexually harassed other female students.

18

103.    As a direct and proximate cause and result of one or more of the aforesaid negligent acts, the Plaintiff, Doe II, sustained personal, emotional and pecuniary injuries.

WHEREFORE, Plaintiff, Doe II, a minor, by her mother and next best friend, Mary Doe II, prays for judgment against the Defendant Board of Education of the City of Chicago in an amount in excess of $50,000.00 plus attorney fees, interest, court costs and any other relief this Court deems equitable and just.

## COUNT XIII - WILFUL AND WANTON CONDUCT
### (Doe II v. BOE)

104.    Plaintiff re-states and re-alleges Paragraphs 1-27 of Counts I of Plaintiff's Complaint at Law against Defendant BOE as though fully set forth in Paragraph 104 of Count XIII of Plaintiffs Complaint.

105.    Defendant BOE knew or should have known that its failure to properly investigate and protect students from sexual grooming behavior would likely result in injury to Doe II.

106.    Defendant BOE knowingly and intentionally disregarded a substantial risk of harm it knew or should have known existed towards Doe II or its other students.

107.    Defendant BOE engaged in willful and wanton conduct by intentionally disregarding a known risk of harm to Doe II by failing to investigate and/or supervise Defendant Cruz by allowing Cruz unfettered access to female students despite the numerous complaints against Cruz made by female students.

108.    As a direct and proximate cause of BOE's utter indifference and/or conscious disregard for the safety of it students by failing to control or supervise Defendant Cruz, the Plaintiff, Doe II, sustained personal, emotional and pecuniary injuries.

WHEREFORE, Plaintiff, Doe II, a minor, by her mother and next best friend, Mary Doe II, prays for judgment against the Defendant Board of Education of the City of Chicago in an

ELECTRONICALLY FILED
12/18/2017 3:30 PM
2017-L-012865
PAGE 19 of 24

amount in excess of $50,000.00 plus attorney fees, interest, court costs and any other relief this Court deems equitable and just.

ELECTRONICALLY FILED
12/18/2017 3:30 PM
2017-L-012865
PAGE 20 of 24

## COUNT XIV – NEGLIGENT RETENTION
### (Doe II v. BOE)

109.    Plaintiff re-states and re-alleges Paragraphs 1-27 of Counts I of Plaintiff's Complaint at Law against Defendant BOE as though fully set forth in Paragraph 109 of Count XIV of Plaintiffs Complaint.

110.    While an employee of the BOE, the BOE and RCHS, through its agents, were aware of numerous complaints made against Defendant Cruz relating to his inappropriate sexual conduct involving female students.

111.    Defendant BOE either knew or should have known of the sexually dangerous propensities of Defendant Cruz after learning of Cruz's previous arrests and complaints made against Defendant Cruz.

112.    The violent and sexually dangerous propensities of Defendant Cruz made Cruz unfit for the job and created a foreseeable danger to others.

113.    The unfitness of Defendant Cruz was a proximate cause of Doe II's injuries.

114.    The conduct of RCHS and BOE in intentionally hiring and retaining Defendant Cruz was willful and wanton as it was in reckless disregard for the safety of its students.

WHEREFORE, Plaintiff, Doe II, a minor, by her mother and next best friend, Mary Doe II, prays for judgment against the Defendant Board of Education of the City of Chicago in an amount in excess of $50,000.00 plus attorney fees, interest, court costs and any other relief this Court deems equitable and just.

## COUNT XV – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### (Doe II v. Casino Cruz)

20

115.    Plaintiff re-states and re-alleges Paragraphs 1-27 of Counts I of Plaintiff's Complaint at Law against Defendant BOE as though fully set forth in Paragraph 115 of Count XV of Plaintiffs Complaint.

116.    The acts of sexual harassment and sexual abuse against the minor female student, Doe II, was extreme and outrageous.

117.    The BOE and Cruz either intended or knew that there was a high probability that Cruz would cause severe emotional distress to Doe II.

118.    Defendant Cruz's aforementioned conduct caused severe emotional distress to Doe II and caused her to suffer damages of a personal and pecuniary nature.

WHEREFORE, Plaintiff, Doe II, a minor, by her mother and next best friend, Mary Doe II, prays for judgment against the Defendant Board of Education of the City of Chicago in an amount in excess of $50,000.00 plus attorney fees, interest, court costs and any other relief this Court deems equitable and just.

## COUNT XVI – TITLE IX DISCRIMINATION (20 U.S.C. §1681, et. Seq.)
### (Doe I and Doe II v. BOE)

119.    Plaintiffs re-state and re-allege Paragraphs 1-27 of Counts I of Plaintiffs' Complaint at Law against Defendant BOE as though fully set forth in Paragraph 119 of Count XV of Plaintiffs Complaint.

120.    Title IX provides that "No person… shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance…"

121.    At all relevant times, the BOE was an educational institution that provided public-school education and receive federal financial assistance.

122.    At no time did Cruz perpetrate any act of sexual grooming, sexual harassment or

ELECTRONICALLY FILED
12/18/2017 3:30 PM
2017-L-012865
PAGE 21 of 24

sexual abuse or participate in any act of a sexual nature or with sexual overtones involving any minor male student within the BOE.

123.    At all relevant times, the BOE possessed actual notice that it could be liable under Title IX for teacher, counselor, administrator-on-student sexual harassment, sexual grooming, sexual discrimination and sexual abuse.

124.    Based on prior reports of abuse, dating as far back as 2003 and continuing through Doe I and Doe II's abuse in 2016, the BOE, by and through its school board members, administrators, employees and agents, possessed actual knowledge of Cruz's alleged sexual misconduct, including sexual harassment, sexual discrimination and sexual abuse of minor female students.

125.    The BOE possessed decision-making authority concerning the procedures and actions taken upon reports of sexual abuse, sexual harassment and sexual grooming.

126.    At all relevant times, Doe I and Doe II were subject to discrimination in their education at the BOE based upon their gender in that each suffered sexual grooming, sexual harassment and sexual abuse as a condition of their receipt of an education at the RCHS.

127.    That despite multiple reports of Cruz's misconduct, the BOE, by and through its school board members, administrators, employees and agents, failed to take appropriate corrective action, thereby acting with deliberate indifference to the rights and safety in one or more the following ways:

a. ignoring and minimizing reports of sexual misconduct, including sexual harassment and sexual abuse, despite an ongoing danger to minor female students within the BOE;

b. withholding and/or failing to properly document complaints received concerning sexual misconduct;

ELECTRONICALLY FILED
12/18/2017 3:30 PM
2017-L-012865
PAGE 22 of 24

22

c. failing to communicate any precautions, directives or educational materials that might be utilized between parent and child to identify whether or not inappropriate conduct occurred between any students/child and any other adult, whether generally or specifically in relations to Cruz; and

d. failing to otherwise institute corrective action designed to reduce the risk of harm and foreseeable acts of sexual harassment and sexual abuse perpetrated against minor female students, including Doe I and Doe II.

128.    The policy or practice of receiving and minimizing multiple complaints of harassment and abuse concerning Cruz's conduct with female students while failing to take any corrective action designed to reduce the risk of harm posed to female students constituted deliberate indifference and led to the deprivation of Doe I and Doe II's right to equal public education without discrimination on the basis of sex, and sexual activity indeed became a condition of receiving a public education.

129.    The deliberate indifference demonstrated by the BOE despite multiple reports of teacher/counselor/administrator-on-student sexual grooming, sexual harassment and sexual abuse, caused Doe I and Doe II to suffer unwarranted, unwelcome and uninvited sexual harassment and sexual abuse of a gross and predatory nature in 2016.

130.    Title IX, 20 U.S.C. §1681 *et. Seq.*, Required the BOE to provide educational opportunity on an equal basis to all students regardless of their gender.

131.    The BOE failed to comply with Title IX in that the BOE fail to ensure that the education provided to minor female students would be unequal basis compared to the education provided by the BOE to minor male students.

132.    20 U.S.C. § 1981 affords Doe I and Doe II a civil cause of action for damages and for appropriate injunctive relief against the BOE. 42 U.S.C. § 1988 identifies damages, court

ELECTRONICALLY FILED
12/18/2017 3:30 PM
2017-L-012865
PAGE 23 of 24

costs, litigation expenses and attorney fees is within the remedies available in an action brought are similar to 20 U.S.C. § 1981.

133.    That as a direct and/or proximate result of the conduct of the BOE as described above, Doe I and Doe II suffered sexual harassment, sexual abuse, and have sustained emotional distress as a result thereof and will continue to experience emotional distress in the future.

WHEREFORE, Plaintiffs, Doe I and Doe II, a minor, by their mothers and next best friends, Mary Doe I and Mary Doe II, prays for judgment against the Defendant Board of Education of the City of Chicago in an amount in excess of $50,000.00 plus attorney fees, interest, court costs and any other relief this Court deems equitable and just.

ELECTRONICALLY FILED
12/18/2017 3:30 PM
2017-L-012865
PAGE 24 of 24

Respectfully submitted,

**/s/ *Jerome F. Marconi***
Jerome F. Marconi
One of Plaintiffs' Attorneys

**/s/ John *R. Perkhaus***
John R. Perkaus, Esq.
One of Plaintiffs' Attorneys

Jerome F. Marconi
Law Offices of Jerome F. Marconi
 555 W. Jackson, Suite 700
Chicago, Illinois 60661
(312) 930-5645
Atty No. 34048

John R. Perkaus, Esq.
**Perkaus & Farley L.L.C.**
**1343 N. Wells Street**
Chicago, Illinois 60610
(312) 266-2111
**Atty No 15584**